UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HOLT,<br><br>    Petitioner,<br><br>  v.<br><br>LEWIS,<br><br>    Respondent. | NO. CV 11-7393-SVW (AGR)<br><br>ORDER TO SHOW CAUSE |

On September 8, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that he has failed to exhaust completely his state remedies.

The court, therefore, orders Petitioner to show cause, on or before **October 28, 2011**, why the court should not recommend dismissal without prejudice based on failure to exhaust state remedies.

///

///

///

# I.

## PROCEDURAL BACKGROUND

On December 3, 2008, Petitioner was sentenced to life without the possibility of parole, 25 years to life, and 20 years in prison after being convicted of two counts of first degree murder and two counts of attempted murder with enhancements. (Petition at 2); *People v. Holt*, 2010 WL 2089977, *1 (2010). On May 26, 2010, the California Court of Appeal affirmed the conviction. (Petition at 3.) On September 15, 2010, the California Supreme Court denied review. (California Appellate Courts online docket in Case No. S183865.)

On February 8, 2011, Petitioner file a habeas petition in the Superior Court, which was denied on March 7, 2011. (Petition at 4.) On June 20, 2011, Petitioner filed a habeas petition before the California Court of Appeal, which was denied on July 7, 2011. California Appellate Courts online docket in Case No. B233815. Petitioner does not indicate he has filed any habeas petition in the California Supreme Court, and the court's online docket does not indicate that any habeas petitions have been filed.

In the Petition here, Petitioner raises five grounds, the first three of which were raised on direct appeal. (Petition at 5-6). Grounds Four and Five have not been presented to the California Supreme Court. (*Id.* at 6.)

# II.

## EXHAUSTION

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

///

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Grounds Four and Five and have not been exhausted. (Petition at 6.) Accordingly, the petition is mixed because it has both exhausted and unexhausted claims. Generally, mixed petitions must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 518-20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). However, a stay of a federal habeas petition is available in limited circumstances so a petitioner may exhaust claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). To obtain a *Rhines* stay, a petitioner must show good cause for his failure to exhaust his claims in the California Supreme Court. *Id.* A petitioner must also show his unexhausted claims are "potentially meritorious" and he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

Prior to *Rhines*, *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds*, *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), held that a district court has discretion to allow a petitioner to amend a mixed petition to delete any unexhausted claims, stay the fully exhausted petition pending exhaustion of the unexhausted claims, and then allow the petitioner to amend the petition to include the newly exhausted claims. *Id.* at 1070-71; *see also Olvera v. Giurbino*, 371 F.3d 569, 573-74 (9th Cir. 2004). *King v. Ryan*, 564 F.3d 1133 (9th Cir.), *cert. denied*, 130 S. Ct. 214 (2009), held that the *Kelly* procedure remains an option after *Rhines*, and that a *Kelly* stay does not require a showing of good cause for the failure to exhaust. *Id.* at 1143. A *Kelly* stay "is particularly appropriate when an outright dismissal will render it unlikely or impossible for the

3

petitioner to return to federal court within the one-year limitation period imposed by [28 U.S.C. section 2244(d)]." *Kelly*, 315 F.3d at 1070; *see also King*, 564 F.3d at 1143.

However, a *Kelly* stay is "not only a more cumbersome procedure for petitioners, but also a riskier one. A petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." *King*, 564 F.3d at 1140-41.

"Amendments made after the statute of limitations run[1] relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the [same] conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (quoting Rule 15(c)(2)). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664. "[I]t is the relationship of the facts to the claim asserted that is important." *Id.* at 655 (citation and quotation marks omitted). New claims do not relate back "simply because [they arise] from the same trial, conviction, or sentence." *King*, 564 F.3d at 1141 (citation and quotation marks omitted).

## III.

### ORDER TO SHOW CAUSE AND PETITIONER'S OPTIONS

Petitioner has the following five options:

**Option One**: **On or before October 28, 2011**, Petitioner may file a "*Rhines* Supplemental Brief" that (1) states whether Petitioner wishes to exhaust Grounds Four and Five; and (2) requests a *Rhines* stay of his federal habeas

---

[1] Absent tolling, pursuant to 28 U.S.C. 2244(d)(1)(A), the statute of limitations will expire on December 14, 2011. *See also Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

4

petition with an explanation of how he had good cause for his failure to exhaust the unexhausted subclaims before the California Supreme Court. After the filing of the *Rhines* Supplemental Brief, the court will consider Petitioner's request for a stay.

Petitioner is not required to wait for the court to rule and may begin exhaustion proceedings at any time.

If Petitioner chooses Option One and the court denies his request for a *Rhines* stay, he will still be given an opportunity to choose Options Three or Four.

**Option Two: On or before October 28, 2011**, Petitioner may file a "*Kelly* Supplemental Brief" that (1) states whether Petitioner wishes to exhaust Grounds Four and Five in state court; and (2) requests a stay of his federal habeas petition in which he argues why his claims, once exhausted, will be timely under *Mayle* and why he will be entitled to amend his petition to add back the claims. After the filing of the *Kelly* Supplemental Brief, the court will consider Petitioner's request for a stay.

Petitioner may combine Options One and Two by filing a "*Rhines* and *Kelly* Supplemental Brief" in which he argues why he is entitled to a *Rhines* stay, or in the alternative, a *Kelly* stay.

Petitioner is not required to wait for the court to rule and may begin exhaustion proceedings at any time.

If Petitioner chooses Option Two and the court denies his request for a *Kelly* stay, he will still be given an opportunity to choose Options Three or Four.

**Option Three:** Petitioner may drop his unexhausted claims and proceed only on his remaining exhausted claims. However, Petitioner is cautioned that if the court ultimately dismisses with prejudice the petition based only on exhausted claims and Petitioner later attempts to file a federal habeas petition based on the other grounds after they are exhausted, that subsequent habeas petition may be barred as a second or successive petition. *Burton v. Stewart*, 549 U.S. 147,

5

153-57, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition when the petitioner did not first seek or obtain authorization to file it from the federal Court of Appeals.  *Burton*, 549 U.S. at 157.

If Petitioner chooses Option Three, he must, **on or before October 28, 2011**, file and serve a "Notice of Voluntary Dismissal of Unexhausted Claims" in which he clearly states he is voluntarily dismissing Grounds Four and Five without prejudice.

**Option Four:**  Petitioner may allow the petition to be dismissed without prejudice on the basis that it is mixed and return to state court to exhaust his claims.  Under this option, once the state process is complete, Petitioner would have to file a new federal habeas petition that is fully exhausted.  However, Petitioner is cautioned that any new federal habeas petition will be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  The court expresses no opinion as to whether any subsequent federal habeas petition would be timely.

If Petitioner chooses Option Four, he must, **on or before October 28, 2011**, file and serve a "Notice of Dismissal" pursuant to Federal Rule of Civil Procedure 41(a)(1).

Nothing in this Order is intended to prevent Petitioner from filing habeas petitions in any state court at any time.

**Option Five:  On or before October 28, 2011**, Petitioner shall show cause why the Petition is not mixed and subject to dismissal.

///

///

6

**Petitioner is advised that if he fails to timely respond to this Order to Show Cause, the court will recommend that the district court dismiss the Petition without prejudice based on failure to exhaust state remedies.**

DATED: September 27, 2011        _____
                                          ALICIA G. ROSENBERG
                                       United States Magistrate Judge